**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kristin Pennington and Adam Peterson, Defendants,

Of whom Adam Peterson is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-000071

Appeal From Cherokee County
Usha J. Bridges, Family Court Judge

Unpublished Opinion No. 2023-UP-016
Heard December 6, 2022 – Filed January 9, 2023

**AFFIRMED**

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of Spartanburg, for Appellant.

Andrew Troy Potter, of Anderson, and Robert C. Rhoden, III of Spartanburg, both for Respondent.

Jonathan Drew Hammond, of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:**  Adam Peterson (Father) appeals the family court's final order terminating his parental rights to his minor child (Child).  On appeal, Father argues the family court erred by finding termination of parental rights (TPR) was in Child's best interest.  We hold the family court did not err by finding TPR was in Child's best interest.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (stating appellate courts review the family court's factual findings and legal conclusions de novo); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("[T]he appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration.").  We find that because Father failed to complete his placement plan, tested positive for illegal drugs even after completing drug treatment, and was incarcerated at the time of the TPR hearing, he was unlikely to provide a safe, stable home for Child in the foreseeable future.  We acknowledge that the Department of Social Services had not identified a pre-adoptive placement at the time of the TPR hearing.  Nevertheless, we find TPR was Child's best chance at achieving permanency, and therefore, when considered from Child's perspective, TPR was in Child's best interest.  *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").  Accordingly, we affirm.

**AFFIRMED.**

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**